UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JUSTIN MICHAEL MAXWELL,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CR-80-TAV-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Justin Maxwell's Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 16], filed on October 14, 2026.

Defendant asks to continue the November 17, 2026 trial date sixty days and to extend the October 16, 2026 plea deadline [*Id.* at 1–2]. As grounds, Defendant states defense counsel has scheduled an appointment to review evidence at the FBI office [*Id.* ¶ 2]. Defendant also requests additional time for the parties to engage in plea negotiations and to prepare for trial [*Id.* ¶¶ 3–4]. Defendant understands that the time between the filing of his motion and the new trial date is fully excludable [*Id.* ¶ 5]. The motion relates that the Government does not oppose the requested continuance [*Id.* ¶ 6].

Based upon the information in Defendant's motion, which the Government does not oppose, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a

miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs more time to review the discovery in this case and to explore a negotiated resolution. *See id.* § 3161(h)(7)(B)(iv). If negotiations ultimately are not fruitful, defense counsel will need time to prepare the case for trial. *See id*. The Court finds that all of this cannot occur before the November 17, 2026 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 16**]. The trial of this case is reset to **January 19, 2027**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on October 14, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Maxwell's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 16**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 19, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **October 14, 2026**, and the new trial date of **January 19, 2027**, is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 18, 2026**;

(5) the deadline for filing motions *in limine* is **January 4, 2027**, and responses to motions *in limine* are due on or before **January 12, 2027**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 5, 2027, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 8, 2027**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge